FLANAGAN v. THE CITY OF KANSAS, *Appellant.*

**Pay of Kansas City Police.** The act of March 27th, 1874, establishing the board of police commissioners for the City of Kansas, vested in the board the power of fixing the pay of policemen, and the amended city charter of 1875 did not take it away.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

This was a suit by James Flanagan against the City of Kansas to recover the sum of $95.50 for services rendered by him as a policeman. The board of police commissioners, claiming the right to fix the pay of policemen, had fixed it at $75 per month. The common council of the city claiming the same power, afterwards, by ordinance, fixed it at $60 per month. The plaintiff drew pay at the latter rate for several months, and then obtained from the board of police commissioners a warrant upon the city treasury for $95.50, being the excess of what was due him at the rate fixed by the board over that allowed by the common council. This warrant was presented to the treasurer, who refused payment, and thereupon plaintiff brought this suit before a justice of the peace, where he obtained a judgment, from which the city appealed to the special law and equity court, where this judgment was affirmed. From the judgment of that court the city took this appeal. The common council claimed to derive the right to fix the pay of policemen from the amended charter of the city approved March 24th, 1875, (Sess. Acts 1875, p. 196). The board of police commissioners based their claim on the provisions of the act of March 27th, 1874, creating the board and authorizing the appointment of a police force for the city. (Sess. Acts 1874, p. 327.)

*J. Brumback* and *Wash Adams* for appellant.

*John C. Tarsney* and *M. D. Trefren* for respondent.

SHERWOOD, C. J.—We are satisfied, upon examination, that the act of March 27th, 1874, establishing the board of police commissioners, gave that board the exclusive control of members of the police force, and we discover nothing whatever in the amended charter of 1875 in conflict with the act first mentioned. Therefore, judgment affirmed. All concur.

AFFIRMED.